IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FAYVUN MANNING,

                    Petitioner,

          v.                              CASE NO. 06-3119-SAC

STATE OF KANSAS,

                    Respondent.

<u>O R D E R</u>

This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  Petitioner has also filed an Application to Proceed In Forma Pauperis (Doc. 2).  The court finds the latter motion should be denied because documents submitted by petitioner indicate he has sufficient funds to pay the filing fee in this action.  Thus, petitioner will be granted thirty (30) days to submit the filing fee herein of $5.

Petitioner was convicted upon trial by jury on July 21, 1999, in the District Court of Wyandotte County, Kansas, of aggravated burglary, and sentenced to 162 months consecutive to an earlier life sentence.  He seeks to challenge this state conviction on numerous grounds.  Two grounds he alleges were raised on direct appeal: (1) trial court erred in granting motion pursuant to K.S.A. 60-455 allowing introduction of evidence of prior crimes to prove identity; (2) insufficient evidence.  Other claims listed are: (3) court erroneously denied

motion to dismiss based on denial of speedy trial, (4) counsel ineffective in agreeing with State to present prior conviction using documents only and not forcing State to prove prior conviction valid, (5) sentence was excessive, (6) pre-trial defense attorney failed to explain offer of plea agreement, and (7) mitigating factors were ignored by court in sentencing. He appears to allege that grounds 3 through 7 were raised in a state post-conviction motion filed pursuant to K.S.A. 60-1507, which was denied. Kansas Appellate Courts on-line records indicate an appeal of the denial of a 1507 petition by the Wyandotte County District Court in case no. 02C1354 was docketed in the appellate courts on May 5, 2004. Those records also indicate the denial was affirmed on April 8, 2005, and the Kansas Supreme Court denied a Petition for Review in this matter on September 20, 2005 (Appellate Case No. 92211).

Petitioner also claims: he was (8) denied a fair trial on his 60-1507 petition, (9) denied due process in that he was denied the right to appointed counsel, to an evidentiary hearing, and to appear on 60-1507 petition, and (10) the state district court "failed to comply with Supreme Ct rule 183(j)" by not making explicit findings of fact and conclusions of law regarding each of petitioner's issues. It is not clear if or how these last 3 claims were exhausted.

The court finds at this juncture that petitioner has

enumerated 10 claims, but it is not clear that he has exhausted all state court remedies on each and every one. Since petitioner is required by statute to have exhausted state judicial remedies on all his claims before proceeding in federal court on a 2254 Petition, the court requires a more detailed showing of exhaustion as to each claim. The court will therefore direct the Clerk to send petitioner the current forms for a 2254 Petition plus 10 copies of extra pages for additional grounds. Petitioner is directed to fill out the forms for the Petition and the extra pages completely and to separately list and fully answer all the questions particularly those regarding exhaustion for each and every ground he raises. If petitioner does not provide adequate information indicating he has exhausted all available state judicial remedies on all his claims, this Petition will be dismissed without prejudice for failure to show exhaustion. The specific information required includes: (1) if the particular claim was raised on direct appeal, (2) why not if not, (3) if it was raised in the state trial court by post-conviction motion, (4) a description of that motion including the date it was filed, (5) whether petitioner appealed the denial of the state motion, and (6) whether the claim was raised on that appeal.

Petitioner must have presented each of his claims in an orderly fashion ultimately to the highest state court either on

direct appeal or by proper state post-conviction motion.
Petitioner is cautioned that he must show full exhaustion on
each and every one of his 10 claims, or the Petition will be
dismissed. This is because the Tenth Circuit Court of Appeals
has ruled that a "mixed" Petition, one containing some
unexhausted and some exhausted claims, must be dismissed for
failure to exhaust.

Petitioner is also specifically directed to state the
date on which he filed his 60-1507 petition challenging this
conviction in the Wyandotte County District Court. The court
requires this information to determine whether or not this
Petition was filed within the one-year statute of limitations.
See 28 U.S.C. 2244(d). Petitioner is advised that if any of his
claims have not been fully exhausted in the state courts, he
should immediately file a state action, such as a post-
conviction motion pursuant to K.S.A. 60-1507 presenting those
unexhausted claims to the state courts. The limitation period
for filing a federal habeas corpus petition may be tolled, if it
has not already expired, by the pendency of a properly filed
state habeas action. Should this court determine that state
court remedies have not been fully exhausted on all 13 of
petitioner's claims raised in this action, he will have to
choose between either dismissing the unexhausted claims and

4

proceeding on the exhausted claims only[1], or having this action
dismissed without prejudice and proceeding in the state courts
to fully exhaust all his claims.  One problem with having this
action dismissed, even without prejudice, is that the time
limitation is running and is not tolled by this federal action
should it be dismissed for failure to exhaust.

Finally, the court notes that this case is proceeding
only upon those claims pertaining to petitioner's 1999
conviction entered in Case No. 98 CR 445.  Petitioner improperly
filed one federal habeas petition in which he apparently sought
to challenge convictions from two different trials.  The court
separated his claims regarding his 1999 conviction from the
other action filed by petitioner (Case No. 06-3088), which
challenges his 1998 convictions, and instructed the Clerk to
open this second case.  An order similar to this was entered in
the other case.

**IT IS THEREFORE ORDERED** that petitioner's motion for
leave to proceed in forma pauperis (Doc. 2) is denied, and
petitioner is granted thirty (30) days in which to submit the
filing fee of $5 in this action, or the action will be dismissed
without further notice.

**IT IS FURTHER ORDERED** that petitioner is granted thirty

---

[1]     If petitioner chooses to proceed only upon his exhausted claims, he likely will be
prevented from having his unexhausted claims reviewed in federal court in the future due to the
statutory prohibition against second and successive federal habeas petitions, 28 U.S.C. 2244(b)(2).

(30) days to complete the forms provided by the court to show full exhaustion of state judicial remedies as to each and every claim raised in his Petition, or the Petition shall be dismissed without prejudice for failure to exhaust state remedies.

The Clerk is directed to transmit copies of the court's forms for filing an action under 28 U.S.C. 2254 with instructions and 7 copies of extra pages for the additional grounds raised by petitioner.

**IT IS SO ORDERED**.

Dated this 27th day of April, 2006, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge