IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FAYVUN MANNING,

                    Petitioner,

          v.                              CASE NO.  06-3119-SAC

STATE OF KANSAS,

                    Respondents.


MEMORANDUM AND ORDER

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. 2254 by an inmate of the Lansing Correctional Facility, Lansing Kansas, and the filing fee has been paid. Petitioner seeks to challenge his 1999 conviction entered in the District Court of Wyandotte County, Kansas.  Upon initially reviewing the Petition, the court entered an order finding petitioner enumerated ten claims, but it was not clear he had exhausted state remedies on all his claims.  The court therefore issued an order requiring petitioner to submit a more detailed showing of exhaustion as to each of his claims by fully completing 2254 forms provided by the court.

Petitioner was also directed in the body of the Order to state the date upon which he filed his state post-conviction motion under K.S.A. 60-1507 challenging his 1999 conviction so that the court could determine whether or not his federal Petition was timely under 18 U.S.C. 2244(d).

Mr. Manning submitted his Supplemental Petition which contained only two of his claims.  The court considered this

Petition, which did not fully respond to the initial order, together with information garnered from Kansas Appellate Courts on-line records, and still was unable to discern whether or not petitioner had fully exhausted state court remedies on each and every one of his claims. Nevertheless, this court entered an Order to Show Cause to Respondents.

Respondents filed an Answer and Return (Doc. 9) asserting petitioner's federal habeas corpus Petition is time-barred by the statute of limitations under 28 U.S.C. 2244(d). Respondents also argue there are no extraordinary circumstances that prevented petitioner from timely filing his Petition so as to justify equitable tolling.

Mr. Manning responded by filing a Traverse, in which he mainly argues the same two grounds presented in his supplemental Petition. Having considered all materials filed, the court finds as follows.

**FACTS**

On July 21, 1999, Mr. Manning was sentenced by a Kansas trial court upon his conviction of aggravated battery to 162 months, to run consecutively to sentences for earlier convictions. He unsuccessfully appealed the conviction, which was affirmed by the Kansas Court of Appeals (KCOA) on December 8, 2000 (Case No. 84047). The Kansas Supreme Court denied review on February 7, 2001. Manning did not seek review of the final state-court decision by the U.S. Supreme Court, and his time to do so expired

on May 9, 2001.  His conviction became "final" on that date.  Two hundred and twenty-six (226) days later, on December 21, 2001, Manning began an unsuccessful quest for state post-conviction relief.  The Kansas trial court's judgment denying relief was affirmed on appeal, and the Kansas Supreme Court denied review on September 20, 2005.  One hundred and thirty-nine (139) days thereafter, on February 6, 2006, the statute of limitations expired.  Manning executed the instant federal habeas corpus Petition on March 14, 2006[1], over a month late.

**LEGAL STANDARDS**

28 U.S.C. § 2244(d)(1)(A) provides a one-year limitation period for filing federal habeas corpus petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id.  The one-year clock is stopped, however, during the time the petitioner's "properly filed" application for state post-conviction relief "is pending."  Day v. McDonough, 547 U.S. 198 (2006), *citing* § 2244(d)(2).  Under Tenth Circuit precedent, that tolling period does not include the ninety days in which a petitioner might have sought certiorari review in the United States Supreme Court challenging state-court denial of post-conviction relief.  See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir.

---

[1]     Respondents allege that petitioner "signed and mailed" his federal Petition on March 23, 2006.  However, Mr. Manning's signature on the Petition was notarized on March 14, 2006, and this court considers March 14, 2006, as the date of execution.

1999)("the limitation period was tolled only while petitioner was seeking state court review of his post-conviction application"), cert. denied, 528 U.S. 1084 (2000); see also Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000), cert. denied, 531 U.S. 1166 (2001); Gutierrez v. Schomig, 233 F.3d 490, 491-92 (7th Cir. 2000)[where petitioner has not sought certiorari to the U.S. Supreme Court, there is nothing "properly filed" or "pending" under Section 2244(d)(2)], cert. denied, 541 U.S. 1070 (2004).


**DISCUSSION**

          Petitioner only addresses respondent's assertion that his Petition should be dismissed as time-barred on the last page of his Traverse.  There, he concedes respondents' calculations regarding the running of the statute of limitations in this case are correct. He makes no allegation of exceptional circumstances beyond his control preventing him from filing his federal Petition on time[2]. However, he urges this Court to consider his Petition as timely filed, by finding he is entitled to an additional ninety days of tolling for the time in which he could have filed a petition for

---

          [2] Under precedent in this Circuit, the limitations period may be subject to equitable tolling. Cf., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  However, equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808, *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000).  To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

writ of certiorari in the United States Supreme Court for review of the denial of his state post-conviction action.  Petitioner cites State v. Florida, which he asserted was pending before the U.S. Supreme Court on the question of whether prisoners are entitled to this additional ninety-day period, and asks for a stay of proceedings herein pending the outcome of that case.

Four days after petitioner executed his Traverse, the United States Supreme Court decided Lawrence v. Florida, 127 S.Ct. 1079, 1083 2007 WL 505972 (Feb. 20, 2007).  The Court ruled in Lawrence that the limitations period in § 2244(d) is not tolled while a petition for certiorari seeking review of the denial of state post-conviction relief is pending before the United States Supreme Court.  Id. at *7.  Even though the instant case is not on all fours with Lawrence, since petitioner in this case did not file a petition for certiorari, the rationale of the Supreme Court in Lawrence may logically be applied to the facts presented herein. Having considered all materials filed by petitioner, and based upon the holding of the U.S. Supreme Court in Lawrence, 127 S.Ct. at 1083, as well as relevant Tenth Circuit precedent, this court rules that the statute of limitations for filing a federal habeas corpus petition was not tolled during the ninety days following the Kansas Supreme Court's denial of review in Mr. Manning's state collateral action when petitioner could have, but did not, file a petition for certorari.  Furthermore, the court finds petitioner has failed to allege either the diligence or extraordinary circumstances necessary to support equitable tolling.  In particular, he does not

allege facts demonstrating his diligence in pursuing relief during the 227 days the statute of limitations ran before he filed a state habeas action, or during the 138 days before the statute of limitations expired on February 15, 2006.

For the foregoing reasons, the court finds that the statute of limitations expired in this case before Mr. Manning executed his federal Petition.  The court concludes that this action must be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that this action is dismissed, with prejudice, as time-barred.

**IT IS SO ORDERED**.

Dated this 5th day of April, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge